UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA WILLIAMS,

        Plaintiff,

v.

NEW YORK STATE DEPARTMENT
OF SOCIAL SERVICE,

        Defendant.

                                                /

Case No. 1:07-CV-815

HON. GORDON J. QUIST

**OPINION**

Plaintiff, Cynthia Williams ("Williams"), has filed a complaint against Defendant, the New York State Department of Social Service. Williams filed her complaint on a Social Security form complaint available for use in appealing Social Security benefit denials in this Court. Essentially, she has only changed the caption on the complaint from Commissioner of Social Security to New York Department of Social Service. She has filled in the remainder of form with the required information, but given the caption change, the basis of her claim is unclear. In any event, as relief, she seeks $85 million in damages from Defendant.

On August 22, 2007, the magistrate judge issued an order granting Williams leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). The Court must read Williams' *pro se*

complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept her allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). For the reasons set forth below, the Court concludes that Williams' complaint must be dismissed as required by § 1915(e)(2).

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. 2 Moore's Federal Practice, ¶ 12.34[1][b] (Matthew Bender 3d ed. 2003). The Court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).

First, to the extent that Williams is bringing a claim under 42 U.S.C. § 405(g) for judicial review of an adverse decision by the Commissioner of Social Security, she fails to state a claim because the Commissioner of Social Security is the proper defendant in such an action. *See* 42 U.S.C. § 405(g); *Van Buren v. Social Sec. Admin.*, No. S-06-2029 FCD GGH PS, 2006 WL 3348608, at *2 (E.D. Cal. Nov. 17, 2006); *Keesing v. Apfel*, 124 F. Supp. 2d 134, 135 (N.D.N.Y. 2000).

Second, Williams' claim, whatever it is, is barred by the Eleventh Amendment. "It is a fundamental principle of our federalism that the Eleventh Amendment bars suit against a state or one of its agencies in federal court without its consent." *Salt Lick Bancorp v. FDIC*, 187 F. App'x 428, 442 (6th Cir. 2006). This is true regardless of the relief sought. *Pennhurst State Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1964).  Williams has not alleged that New York has waived its immunity in this case.

      Therefore, the Court will dismiss Williams' complaint.

      An Order consistent with this Opinion will be entered.


Dated: September 18, 2007                                                /s/ Gordon J. Quist
                                                                                  GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE